J-S23001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
             :             PENNSYLVANIA
             :
         v.             :
             :
             :
SEAZON ZOGAR              :
             :
         Appellant      :    No. 2840 EDA 2024

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005615-2018

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 3, 2025**

Appellant, Seazon Zogar, appeals from the judgment of sentence entered March 24, 2022, in the Court of Common Pleas of Philadelphia County, under which he is to serve 6 to 20 years of incarceration for the crime of aggravated assault, and a concurrent term of incarceration of 2.5 to 5 years for the crime of possession of an instrument of crime. Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> [Appellant] was arrested on June 8, 2018, and charged with attempted murder, aggravated assault, possessing an instrument of crime, terroristic threats, simple assault, and reckless endangerment. [The charges stem from a fight that Appellant started with the victim. The two exchanged punches and the fight ended. After the fight ended, Appellant unsheathed a 15.5-inch hunting knife, and swung it, in a chopping motion, down into the victim's face. Appellant swung the knife a second time, but the

victim was able to stop it with his hand.]  A preliminary hearing was held on August 6, 2018, wherein [Appellant] was bound over on all charges.  A jury was selected on October 25, 2021[,] but released the next day when [Appellant] entered into an open plea to aggravated assault and possessing an instrument of crime.  A pre-sentence and mental health investigation were conducted and studied prior to sentencing on March 24, 2022.  The following day a motion for reconsideration of sentence was filed on behalf of [Appellant] and denied on March 29th.  No appeal was taken.

On May 22, 2023, a Post-Conviction Relief Act petition was filed, amended March 11, 2024, and supplemented on September 25, 2024.   On October 7th, [Appellant]'s appellate rights were reinstated, *nunc pro tunc*, and on the twenty-third, a notice of appeal filed with the Superior Court.  A statement of matters complained of on appeal was filed November 18[.]

Trial Court Opinion, 11/20/24 at 1-2.

On appeal, Appellant argues that the trial court imposed an excessive sentence, having failed to consider certain mitigating factors (*i.e*, Appellant's rehabilitative needs).[1]

Appellant's claim implicates the discretionary aspects of Appellant's sentence.  **See Commonwealth v. Kurtz**, 294 A.3d 509, 535 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023) (stating that a claim that the sentencing court disregarded mitigating factors involves the discretionary aspects of sentencing); **Commonwealth v. Coulverson**, 34 A.3d 135, 143 (Pa. Super. 2011) (explaining that a claim asserting that

_____

[1] Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. **See**, **e.g.**, **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014). However, where a defendant pleads guilty without any agreement as to sentence, (*i.e.*, an open plea), the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing. **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009).

the trial court did not adequately consider the defendant's rehabilitative needs implicates the discretionary aspects of sentencing).

*Commonwealth v. Watkins*, 2025 WL 2978592, at *4 (Pa. Super. filed October 22, 2025).[2]

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

---

[2] *See generally* Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issues by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. Additionally, Appellant's claims present a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a claim that the sentence is excessive, together with a claim that the court failed to consider the defendant's rehabilitative needs and mitigating factors, presents a substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. § 9781(c), (d).

Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). In reviewing the record, Section 9781(d) requires we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

- 5 -

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

> "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

> Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Kurtz***, 294 A.3d at 536. In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

***Watkins***, at *5.

Here, Appellant's claim is that the sentence is excessive because the sentencing court failed to consider Appellant's rehabilitative needs. The claim is belied by the record. ***See generally*** N.T. Sentencing, 3/24/22, 1-32; ***see also*** Trial Court Opinion, 6/3/25, at 4-7; Commonwealth's Brief, at 1-9.

Indeed, the sentencing court stated on the record that it had "reviewed the presentence reports, . . . the mental health report as well as the submissions by counsel." N.T. Sentencing, 3/24/22 at 4. In particular, "[t]he [sentencing] court specifically studied the mitigation factors presented in the pre-sentence report, as well as those presented during the sentencing hearing and in [Appellant]'s mental health evaluation." Trial Court Opinion, 11/20/24, at 5. The sentencing court also referred to its previous history with Appellant. N.T. Sentencing, 3/24/22, at 31. The sentencing court mentioned Appellant's mental health needs when it recommended that Appellant take advantage of rehabilitative opportunities during and after his incarceration, including mental health treatment. *Id.* at 29-30.

While the sentencing court did not undertake a lengthy explanation for its reasons for the sentence imposed or specifically reference the statutes in question, the record, as a whole, reflects the sentencing court's consideration of the "nature of the crimes, [Appellant]'s background, the likelihood of rehabilitation and the need for the public to be protected from this behavior by [Appellant] again." Trial Court Opinion, 11/20/24, at 4-5.

Thus, the true nature of Appellant's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes. That is not enough for us to conclude that the sentencing court abused its discretion in fashioning

Appellant's sentence.  ***Raven, supra***; ***Schutzues***, ***supra***; ***Commonwealth v. Clark***, 2025 WL 1160073, at *4 (Pa. Super. filed April 21, 2025) (same).

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2025